UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DEAN COCHRUN, a/k/a Dean Allen Cochrun;<br>CALEB SUMMERS;<br>WAMBLI LARSEN;<br>CODY DESERSA, a/k/a Cody M. DeSersa;<br>THOMAS DALTON HOLLEY; and<br>STEPHEN THOMPSON;<br><br>    Plaintiffs,<br><br>vs.<br><br>DOUGLAS WEBER, Warden, SDSP;<br>DARYL SLYCKHUIS, Associate Warden, SDSP;<br>CLIFTON FANTROY, Unit Manager, SDSP; and<br>ALL KNOWN AND UNKNOWN PARTIES;<br><br>    Defendants. | Civ. 12-4071-KES<br><br>ORDER DISMISSING PLAINTIFFS, GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS, AND DISMISSING COMPLAINT IN PART |

    Plaintiffs, Dean Cochrun, Caleb Summers, Wambli Larson, Cody DeSersa, Thomas Dalton Holley, and Stephen Thompson filed a pro se civil rights lawsuit against defendants. Plaintiffs seek both injunctive relief and money damages. Plaintiffs are incarcerated at the South Dakota State Penitentiary in Sioux Falls, South Dakota.

    On May 30, 2012, this court issued a warning notice to plaintiffs, advising them that they would each be individually responsible for the $350 filing fee under the Prison Litigation Reform Act, that they would incur a

"strike" if the case were dismissed under 28 U.S.C. § 1915, and that they were each potentially subject to sanctions under Rule 11 of the Federal Rules of Civil Procedure. This court directed plaintiffs to notify the court as to whether they each wished to continue as a plaintiff in this case by July 2, 2012, and advised plaintiffs that if an individual did not respond to the order, then he would be dismissed as a plaintiff in the case. Only Stephen Thompson and Dean Cochrun notified the court that they wished to continue as plaintiffs in the case. Thus, Caleb Summers, Wambli Larson, Cody DeSersa, and Thomas Dalton Holley are dismissed as parties to this case and their respective motions to proceed in forma pauperis (Docket 9, 11, 14) and for court-appointed counsel (Docket 10, 15) are denied as moot.

The remaining plaintiffs, Dean Cochrun and Stephen Thompson, move for leave to proceed in forma pauperis. The Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915, requires prisoners to make an initial partial filing payment where possible, even if in forma pauperis status is sought. When an inmate seeks in forma pauperis status, the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan. *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (internal citations omitted). Determination of the partial filing fee is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

2

    (A)    the average monthly deposits to the prisoner's account; or
    (B)    the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Cochrun has indicated the average of the monthly deposits to his account is $25.27, and the average monthly balance of his account is a *negative* $2.96. *See* Docket 3, Prisoner Trust Account Report, Dean Cochrun. Cochrun must pay an initial partial filing fee of $5.05, which is 20 percent of $25.27. Thompson has indicated that the average of the monthly deposits to his account is $11.25, and the average monthly balance of his account is a *negative* $275.75. *See* Docket 9, Prisoner Trust Account Report, Stephen Thompson. Thompson must make an initial partial filing fee payment of $2.25. Thus, Cochrun and Thompson are granted in forma pauperis status.

But the inquiry does not end there. The PLRA also requires this court to "screen" Cochrun and Thompson's complaint to determine whether it should be dismissed. Section 1915 provides an action must be dismissed if the court determines the claim "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## STANDARD OF REVIEW

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg by Rosenberg v. Crandell,* 56 F.3d 35, 37 (8th Cir. 1995). Also, "although liberally construed, a pro se complaint must contain specific

facts supporting its conclusions." *Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (citations omitted). A plaintiff's complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* at 1965; *Abdullah v. Minnesota*, 261 Fed. App'x 926, 927 (8th Cir. 2008) (citing *Twombly* and noting complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory).

It has long been recognized that "civil rights pleadings should be construed liberally." *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995). The complaint, however, must at the very least contain facts that state a claim as a matter of law and must not be conclusory. *Id.* Broad and conclusory statements unsupported by factual allegations are not sufficient. *Ellingburg v. King*, 490 F.2d 1270 (8th Cir. 1974). Finally, although pro se complaints are to be construed liberally, "they must still allege facts sufficient to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir.

4

2004). The court is not required to supply additional facts for a pro se plaintiff, nor construct a legal theory that assumes facts which have not been pleaded. *Id.* To state a claim for relief under § 1983, a plaintiff must allege sufficient facts to show (1) that the defendants acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (internal citations omitted).

## DISCUSSION

**I.     Cochrun's Mental Health Care Claim**

Cochrun first asserts that his rights under the Eighth Amendment have been violated by defendants' "failure to provide marriage and family counseling, failure to treat Dean Cochrun's mental condition and depression; failure to treat Jamie Cochrun's mental illness/depression; failure to provide individual counseling for Dean Cochrun; failure to provide individual counseling to Jamie Cochrun; failure to provide nutritional supplements for Jamie Cochrun; and failure to test, treat, and [illegible] for Jamie Cochrun's medical condition." Docket 1 at Count I. Cochrun has not provided any facts in support of these allegations.

It is well established that deliberate indifference to a prisoner's serious mental health care needs is prohibited by the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Sims v. Lay*, 216 Fed. App'x 599, 500 (8th

Cir. 2007). "A prisoner's Eighth Amendment rights are violated if prison officials show 'deliberate indifference' to the prisoner's 'serious medical needs.' " *Olson v. Bloomberg*, 339 F.3d 730, 735 (8th Cir. 2003) (quoting *Estelle*, 429 U.S. at 106). Cochrun must demonstrate: "(1) that he suffered from objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs." *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000). "A serious medical need is one that has been diagnosed by a physician as requiring treatment or one that is so obvious even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). "Deliberate indifference may be manifested by prison doctors in responding to the prisoner's needs or by prison officials in intentionally denying or delaying access to medical care or intentionally interfering with prescribed treatment." *Meloy v. Bachmeier*, 302 F.3d 845, 849 (8th Cir. 2002). Cochrun has not pleaded sufficient facts to show that he has been actually diagnosed with a mental condition or depression. Nor has Cochrun pleaded facts tending to show that he sought mental health treatment and defendants denied it to him. Because Cochrun has failed to "allege facts sufficient to support the claims advanced," his claim is subject to dismissal. *Stone*, 364 F.3d at 914.

Cochrun also attempts to raise claims on behalf of his wife, Jamie Cochrun, who is not a party to this action. It appears that Jamie Cochrun is

incarcerated at the South Dakota Women's Prison in Pierre, South Dakota. Dean Cochrun does not have standing to raise claims on her behalf. *See Smith v. Unknown*, No. 06-1046, 2006 WL 3248270 at *2 (W.D. Ark. Aug. 23, 2006) (recommending that inmate's claim be dismissed because he did not have standing to bring claims on behalf of other inmates); *see also Powers v. Ohio*, 499 U.S. 400, 410-11 (1991) (generally, litigant must assert his or her own legal rights and interests and cannot rest claim to relief on legal rights or interests of third parties). Thus, all of Dean Cochrun's claims purporting to assert Jamie Cochrun's rights are dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915.

## II.     Cochrun's Failure to Protect Claim: Classification and Housing

Cochrun next claims that his rights have been violated by his classification within the South Dakota prison system. He asserts that his "[c]lassification is higher than necessary" and claims he is "housed with violent offenders." Docket 1 at Count II." Cochrun asserts that his crime was non-violent and that "the alleged victims were in no danger." *Id.* Cochrun requests that his classification be changed "to reflect the true nature of the crime" and that he be "transferred to a minimum security unit in Rapid City." *Id.* Cochrun claims that he is at risk "daily of being [a] potential victim[ ] of assault or other more severe life-threatening dangers as well as sexual assault." *Id.* Cochrun does not identify the constitutional right he believes is

7

being violated, so this court will construe his claim as a failure to protect claim under the Eighth Amendment.

"Prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. In order to prevail on a failure to protect claim, a prisoner must demonstrate two things. First, he must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Spruce v. Sargent*, 149 F.3d 783, 785 (8th Cir. 1998). Second, an inmate must demonstrate that prison officials were deliberately indifferent to that risk. *Id.* Deliberate indifference exists if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware and he must also draw the inference." *Farmer*, 511 U.S. at 834.

Cochrun has failed to allege that any of the defendants knew of and disregarded a risk to his health or safety. Cochrun has not alleged, nor submitted any evidence to show, that he has complained of his classification to prison officials. Although Cochrun submitted 22 pages of grievances, not one references his security classification or any perceived threat to his safety. Thus, Cochrun has failed to allege that prison officials have been deliberately

indifferent to a risk of serious harm to him and he has failed to state a claim upon which relief may be granted.

### III.  Access to the Courts Claim

Because Counts III and IV of Cochrun's complaint are similar, the court will analyze them together. Cochrun alleges that he has been denied phone and video contact with Jamie Cochrun and that he has not been permitted to send her legal correspondence. Cochrun also claims that he has been denied phone contact with an attorney and asserts that the law library is inadequate. Specifically, Cochrun argues that there are no computers, printers, or scanners in the law library, that there are outdated and missing law books, that library hours are limited, that library typewriters are broken or inaccessible, that there are no word processors available in the library, and that there is no internet access for legal research. Cochrun also complains that the cost of purchasing a typewriter is excessive. Finally, Cochrun complains that the amount of legal mail he may post without paying the postage costs himself is capped at $10. Cochrun asserts that these issues have prevented him from making timely legal filings on time sensitive issues and have hindered him in his attempts to hire legal representation. If his complaints are liberally construed, it appears that Cochrun is alleging that these conditions and actions deprive him of access to the courts.

Inmates have a constitutional right of meaningful access to the courts and the legal system. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). "Meaningful access to the courts is the capability to bring 'actions seeking new trials, release from confinement, or vindication of fundamental civil rights.' " *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007) (quoting *Bounds v. Smith*, 430 U.S. 817, 827 (1977)). In order to prevail on an access to the courts claim, an inmate must demonstrate that he sustained an "actual injury" as a result of the challenged policy. *Moore v. Plaster*, 266 F.3d 928, 933 (8th Cir. 2001). "To prove actual injury, a prisoner must demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." *Hartsfield v. Nichols*, 511 F.3d 826, 832 (8th Cir. 2008). Merely alleging that the law library is inadequate is insufficient to establish actual injury. As the Supreme Court explains:

> Because [precedent] did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his law library or legal assistance program is subpar in some theoretical sense. . . . [T]he inmate must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim. He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered actionable harm that he wished to bring before the courts, but was so stymied by the inadequacies of the law library that he was unable to even file a complaint.

*Lewis*, 518 U.S. at 351. Cochrun alleges that prison policies have prevented him from "making timely legal filings in a time sensitive issue." Docket 1 at Count VI. This allegation is sufficiently pleaded to survive initial review under § 1915.

**IV. Due Process Claims**

Cochrun next claims that he has been deprived of due process of law. Specifically, he asserts that fines have been imposed "without due process of law" and that the grievance procedures are "vague/unfair/sexist/incorrect/[illegible]/unjust and in need of redress." Docket 1 at Count V. Cochrun also alleges that the rules, policies, and procedures are vague, unfair, racist, and [illegible]." *Id.* Finally, Cochrun complains that there are "no running balances on account statements." *Id.* But Cochrun has not pleaded any facts in support of his allegations. Thus, his claim is subject to dismissal on that basis. But even if Cochrun had alleged facts in support of his claim that the prison administrative procedures violate his due process rights, his claim would fail. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (holding that an inmate failed to state claim under § 1983 when he complained that defendants failed to process or investigate grievances he submitted to the prison administrative remedy system because "not every violation of state law or state-mandated procedures is a violation of the Constitution."); *see also Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (per curiam) (federal grievance

regulations providing for administrative remedy procedure do not create liberty interest in access to that procedure); *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment."). Thus, Cochrun has failed to state a claim upon which relief may be granted and his claim is dismissed.

**V.    Retaliation Claim**

Cochrun also claims his rights under the Eighth Amendment have been violated. Specifically, Cochrun contends that his access to legal services was restricted in retaliation for letters he wrote to the governor and other officials about his grievances. Docket 1 at Count VI. Cochrun alleges that "the legal aid lawyer [was] instructed to stop helping me by limiting the things I do like make legal copies which included the prequisite [sic] legal letter which I wrote to the Governor, the President, State Representatives, Legislatures, and Legal Laymen." *Id.*

"A prisoner's Eighth Amendment rights are violated if prison officials 'impose a disciplinary sanction [or otherwise take adverse action] against a prisoner in retaliation for the prisoner's exercise of his constitutional right.' " *Meuir v. Greene Cnty. Jail Employees*, 487 F.3d 1115, 1119 (8th Cir. 2007)

(quoting *Goff v. Burton*, 7 F.3d 734, 738 (8th Cir. 1993)).[1] To establish a prima facie case of retaliatory discipline, Cochrun must show that "(1) [he] exercised a constitutionally protected right; (2) prison officials disciplined the prisoner; and (3) exercising the right was the motivation for the discipline." *Haynes v. Stephenson*, 588 F.3d 1152, 1155 (8th Cir. 2009).

Although the Eighth Circuit has not considered whether contacting a public official is a constitutionally protected First Amendment activity in the prison context, the court will assume, without deciding, that Cochrun's letters to various public officials are constitutionally protected activity. *See Strope v. McKune*, 382 Fed. App'x 705, 709 (10th Cir. 2010) (noting the protected activity inmate relied on in his retaliation claim was a letter he sent to the governor); *Jerry v. Williamson*, 211 Fed. App'x 110, 112 (3d Cir. 2006) (assuming inmate could prove that his letters to the governor were considered constitutionally protected activity and dismissing retaliation claim on other grounds). The second prong is satisfied because Cochrun alleges his access to the legal aid lawyer and certain materials was restricted in retaliation for letters he wrote to a number of public officials about his grievances regarding

---

[1] Eighth Circuit case law generally addresses only retaliatory discipline, but other circuits apply this framework to other adverse actions taken by prison officials in retaliation for an inmate engaging in constitutionally protected conduct. *See, e.g.*, *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001). The three-pronged test is identical to the Eighth Circuit retaliatory discipline test.

the prison. *Haynes*, 588 F.3d at 1156. To establish the third element of the prima facie case, Cochrun must allege facts that tend to show "but for a retaliatory motive the prison official" would not have taken adverse action against him. *Id.* (citing *Goff*, 7 F.3d at 737). But "if the discipline which the prisoner claims to have been retaliatory was in fact imposed for an actual violation of prison rules or regulations, then the prisoner's claim that the discipline was retaliatory in nature must fail." *Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir. 1994). Whether impermissible retaliation was an actual motivating factor for adverse action by prison officials is a factual determination. *Haynes*, 588 F.3d at 1157. Thus, it appears that Cochrun's retaliation claim is sufficiently pleaded to survive initial review under § 1915.

## VI.   Prisoner Trust Account Claims

Cochrun's final claim is that the prison's handling of inmate accounts violates his rights under the Eighth Amendment. Specifically, Cochrun claims that:

> The prison takes money from our families when they send in money to help those incarcerated. The prison also embezzles money from accounts of prisoners in many ways without due process of the law. The prison fines prisoners, charges, or fee for incarceration and makes slaves of the prisoners by limiting the amount of money they are paid for work so that they are unable to pay off fines or save any money to be successful when released.

Docket 1 at Count VII (verbatim). It is well settled that "there is no constitutional right to prison wages." *Jennings v. Lombardi*, 70 F.3d 994, 995

(8th Cir.1995); *Hrbek v. Farrier*, 787 F.2d 414, 416 (8th Cir. 1986). Moreover, it is within a prison's authority to deduct an inmate's fine or court-ordered restitution from his prison funds. *See Matheny v. Morrison*, 307 F.3d 709, 712 (8th Cir. 2002) (holding that the Bureau of Prisons has discretion to deduct inmate's fine from his prison earnings). Thus, Cochrun has failed to state a claim upon which relief may be granted.

### VII.   Prison Mail and Pornography Policies

Cochrun also claims his First Amendment rights have been violated because "[t]he prison also restricts the type of pictures and materials prisoners can send and receive from spouses, girlfriends, boyfriends, family and other sources which violates free speech and free press . . . The prison considers these types of materials to be pornographic in nature but [they are] not." Docket 1 at Count VII. Cochrun also complains that he is not permitted to receive "[p]ublications like Penthouse and Playboy," which he contends he would like to receive for the articles. *Id.*

"In the First Amendment context . . . a prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Leonard v. Nix*, 55 F.3d 370, 374 (8th Cir. 1995). These limitations "arise both from the fact of incarceration and from valid penological objectives–including deterrence of crime, rehabilitation of prisoners, and institutional security." *O'Lone v.*

*Estate of Shabazz*, 482 U.S. 342, 348 (1987). This court has previously upheld the South Dakota Department of Corrections' pornography policy against constitutional challenges. *See Salinas v. Janklow*, Civ. 99–4204 (D.S.D. 2003); *King v. Dooley*, Civ. 00–4052 (D.S.D. 2003). Thus, Cochrun's claim fails and is dismissed pursuant to 28 U.S.C. § 1915.

**VIII. Lack of Conjugal Visits for Married Inmates**

Cochrun's final claim is that his right to be free from cruel and unusual punishment is violated because the prison also does not allow conjugal visits between married inmates. But prisoners do not have a constitutional right to contact visits or conjugal visits. *See, e.g., Ortiz v. Sec'y for Dep't of Corr.*, 156 Fed App'x 132, 134 (11th Cir. 2005) (per curiam); *Gerber v. Hickman*, 291 F.3d 617, 621 (9th Cir. 2002); *Bazzetta v. McGinnis*, 124 F.3d 774, 779 (6th Cir. 1997); *Hernandez v. Coughlin*, 18 F.3d 133, 137 (2d Cir.1994); *McCray v. Sullivan*, 509 F.2d 1332, 1334 (5th Cir. 1975). *See also Turner v. Safley*, 482 U.S. 78, 95–96, (1987) (noting that an inmate who marries while in prison can expect to fully consummate his or her marriage when released); *Goodwin v. Turner*, 702 F. Supp. 1452, 1454 (W.D. Mo. 1988) ("Many aspects of marriage . . . , such as cohabitation, sexual intercourse, and the bearing and rearing of children, are superseded by the fact of confinement."), *aff'd on other grounds by*, 908 F.2d 1395 (8th Cir.1990); *Green v. White*, 525 F. Supp. 81, 82–84, (E.D. Mo. 1981) (rejecting claim that free exercise of religion required

16

conjugal visits), *aff'd*, 693 F.2d 45 (8th Cir. 1982). Thus, Cochrun fails to state a claim upon which relief may be granted.

## VIV. Stephen Thompson's Claims

While Stephen Thompson also signed the complaint as a plaintiff, the majority of the allegations in the complaint specifically relate to plaintiff Dean Cochrun. Even the claims which generally challenge prison policies contain only facts relating to how the policies affect Cochrun, if any facts are advanced at all. Because Thompson has failed to allege any facts at all in support of the claims advanced in this lawsuit, it does not appear that he has been injured by the challenged policies and actions and he lacks standing to sue. Constitutional standing requires three elements: (1) that the plaintiff has suffered an "injury in fact;" (2) that "there must be a causal connection between the injury and the conduct complained of–the injury must be fairly traceable to the challenged action of the defendant . . ."; and (3) that it must be likely "that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Because Thompson has failed to allege an injury in fact, his claims fail and are dismissed pursuant to 28 U.S.C. § 1915. Therefore, it is

ORDERED that because they failed to give notice to the court by July 2, 2012, as required by this court's May 30, 2012, order, Caleb Summers, Wambli Larson, Cody DeSersa, and Thomas Dalton Holley are dismissed as

17

plaintiffs, and their respective motions to proceed in forma pauperis (Docket 9, 11, 14) and for court-appointed counsel (Docket 10, 15) are denied as moot.

IT IS FURTHER ORDERED that Cochrun's motion for leave to proceed in forma pauperis (Docket 2) is granted and his motions for court-appointed counsel (Docket 5, 21) are denied as premature. **Cochrun will make an initial partial payment of $5.50 by August 13, 2012,** made payable to the Clerk, U.S. District Court.

IT IS FURTHER ORDERED that Cochrun's complaint is dismissed in part pursuant to 28 U.S.C. § 1915. The only two claims sufficiently pleaded to survive initial review under § 1915 are Cochrun's claims for access to the courts and that he has been denied access to the legal aid lawyer and legal materials in retaliation for letters Cochrun wrote to a number of public officials about prison conditions.

IT IS FURTHER ORDERED that the institution having custody of Cochrun or Thompson is directed that whenever the amount in Cochrun's or Thompson's trust account exceeds $10, monthly payments that equal 20 percent of the funds credited to the account the preceding month will be forwarded to the United States District Court Clerk's office pursuant to 28 U.S.C. § 1915(b)(2), until the filing fee of $350 is paid in full.

IT IS FURTHER ORDERED that Thompson's motion to proceed in forma pauperis (Docket 8) is granted. **Thompson must make an initial partial filing fee payment of $2.25 by August 13, 2012**, made payable to the Clerk, U.S. District Court.

IT IS FURTHER ORDERED that all of Thompson's claims are dismissed pursuant to 28 U.S.C. § 1915. Thompson's motion for copies (Docket 19) is denied as moot.

IT IS FURTHER ORDERED that the Clerk will cause service of the complaint, summons, and this order upon defendants. All costs of service will be advanced by the United States.

IT IS FURTHER ORDERED that defendants will serve and file an answer or responsive pleading to the complaint on or before 21 days following the date of the service. **Defendants need only respond to Cochrun's claims for access to the courts and that he has been denied access to the legal aid lawyer and legal materials in retaliation for letters he wrote to public officials complaining about prison conditions.**

IT IS FURTHER ORDERED that Cochrun will serve upon defendants, or, if appearance has been entered by counsel, upon their attorney, a copy of every further pleading or other document submitted for consideration by the court. He will include with the original paper to be filed with the Clerk of

Court a certificate stating the date and that a true and correct copy of any document was mailed to defendants or their counsel.

 Dated July 13, 2012.

        BY THE COURT:


        /s/ *Karen E. Schreier*
        KAREN E. SCHREIER
        CHIEF JUDGE