UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DEAN COCHRUN, a/k/a Dean Allen Cochrun, <br><br> Plaintiff, <br><br> vs. <br><br> DOUGLAS WEBER, Warden, SDSP; DARYL SLYCKHUIS, Associate Warden, SDSP; CLIFTON FANTROY, Unit Manager, SDSP; and ALL KNOWN AND UNKNOWN PARTIES, <br><br> Defendants. | Civ. 12-4071-KES <br><br> ORDER DENYING CERTIFICATION OF CLASS, DENYING MOTION FOR PRELIMINARY INJUNCTION, DENYING MOTION FOR APPOINTMENT OF COUNSEL, AND GRANTING MOTION TO STAY DISCOVERY |

Plaintiff, Dean Cochrun, a/k/a Dean Allen Cochrun, is incarcerated at the South Dakota State Penitentiary in Sioux Falls, South Dakota. Currently pending before this court are Cochrun's motion for certification of a class (Docket 57), motion for injunction and restraining order (Docket 62), and motion for appointment of counsel (Docket 57). Without directly responding to Cochrun's motions, defendants filed a motion to stay discovery until the issue of qualified immunity is resolved. Docket 73. The court has reviewed each motion, and for the reasons set forth below, the court denies plaintiff's motion for certification of class, motion for injunction and restraining order, and motion for appointment of counsel. Further, the court grants defendants' motion to stay discovery.

## I. The Court Denies Cochrun's Motion for Certification of Class.

Cochrun asserts that his lawsuit was filed

> on behalf of the Class of prisoners who are in the South Dakota Department of Corrections care and custody and subject to the Jurisdiction of the State of South Dakota's Judicial Branch of Government by order of court for confinement in any of the numerous prisons through the State of South Dakota including the South Dakota Women's Prison located in Pierre, South Dakota and the Yankton Minimum Security Unit in Yankton South Dakota and all others inclusive therein within the South Dakota State Border.

Docket 57 at 1. Cochrun insists that he originally indicated his intention to file the instant action as a class action, which included several other plaintiffs who have since been dismissed from this action. *See* Docket 22. Finally, Cochrun argues that

> [t]he prisoners included in this Class are being subjected to the same treatments as [plaintiff] is being subjected to. [Plaintiff]'s spouse Jamie Lynn Cochrun is being confined in the South Dakota Women's Prison and the Department of Corrections policies interfere with his marriage. All the prisoners are being denied Due Process of the Law and are being subjected to fines that are unconstitutional. The prison staff do not follow their own policies and guidelines often failing to protect prisoners. The grievance procedure is inadequate et cetera.

Docket 57 at 2.

To receive class certification under Fed. R. Civ. P. 23, a movant must demonstrate the following:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the

representative parties will fairly and adequately protect the interests of the class.[1]

In addition to meeting each of these prerequisites to class certification, movants must also satisfy one of the circumstances outlined in Rule 23(b)(1)–(3).

The issues raised in Cochrun's motion for class certification were previously raised by Cochrun in his original complaint. *See* Docket 1. After screening Cochrun's original complaint, the court dismissed his due process allegations for failure to state a claim on which relief could be granted. Docket 22. The only claims that remain in the instant action are Cochrun's access-to-courts and retaliation claims. *Id.* It is therefore apparent that, in addition to being incapable of fairly and adequately protecting the legal interests of his purported class, *see* 7A Wright, Miller & Kane, Federal Practice and Procedure, Civil 3d § 1769.1 (class representatives cannot appear pro se), Cochrun's instant action does not present a single question of law common to a certifiable class, *see Rentschler v. Carnahan,* 160 F.R.D. 114, 116 (E.D. Mo. 1995) (citations omitted) (noting that "there need only be a single issue common to all class members). Furthermore, Cochrun's motion does not demonstrate " 'that there are other members of the class who have the same or similar grievances

---

[1] These prerequisites to class certification are often referred to as numerosity, commonality, typicality, and adequacy of representation. *Paxton v. Union Nat'l Bank*, 688 F.2d 552, 559 (8th Cir. 1982).

as the plaintiff.' " *Rentschler*, 160 F.R.D. at 116 (quoting *Donaldson v. Pillsbury Co.*, 554 F.2d 825, 830 (8th Cir. 1977)). Cochrun has therefore failed to satisfy three of the four prerequisites to class certification. Accordingly, the court denies Cochrun's motion for certification of a class.

## II. The Court Denies Cochrun's Motion for Preliminary Injunction and Temporary Restraining Order.

Pursuant to SDCL § 15-6-65, Cochrun requests either a preliminary injunction or a temporary restraining order to prevent defendants from interfering with Cochrun's correspondence related to his wife's habeas petition—a case in which Cochrun is serving as the jailhouse lawyer. Docket 62. Cochrun also requests that the court prevent defendants from denying Cochrun meaningful access to the law library at the South Dakota State Penitentiary. *Id.* Because the Federal Rules of Civil Procedure apply to this action, however, the court will evaluate Cochrun's motion in accordance with Rule 65(a) of the Federal Rules of Civil Procedure.

"A preliminary injunction is an extraordinary remedy." *Roudachevski v. All-American Care Centers, Inc.*, 648 F.3d 701, 705 (8th Cir. 2011) (citing *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003)). "The burden of proving that a preliminary injunction should be issued rests entirely with the movant." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995). To determine whether the issuance of a preliminary injunction is appropriate, the court considers the following factors:

4

(1) the threat of irreparable harm to the movant;
(2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant;
(3) the probability that movant will succeed on the merits; and
(4) the public interest.

*Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981). The court asks "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." *Id.* at 113.

Although no single factor is determinative, "[f]ailure to show irreparable harm is an independently sufficient ground upon which to deny a preliminary injunction." *Watkins*, 346 F.3d at 844. *See also Dataphase*, 640 F.2d at 114 n.9 ("[T]he absence of a finding of irreparable injury is alone sufficient ground for vacating the preliminary injunction."). To demonstrate irreparable harm, plaintiffs must show that the harm is "certain, great and of such imminence that there is a clear and present need for equitable relief." *Packard Elevator v. Interstate Commerce Comm'n*, 782 F.2d 112, 115 (8th Cir. 1986). Notably, "plaintiff[s] must make a showing of actual, substantial harm resulting from the alleged infringement." *Travelers Express Co. v. Transaction Tracking Technologies, Inc.*, 305 F. Supp. 2d 1090, 1095 (D. Minn. 2003) (citation omitted).

In the instant case, Cochrun alleges that defendants "have prevented [him] form [sic] mailing documents to the Clerk of Courts for the Southern

5

Division of the United States District Court," and "have also denied correspondence between [him] and his spouse Jamie Lynn Cochrun who is an inmate incarcerated in the South Dakota Women's Prison in Pierre, SD." Docket 62 at 1. As a result of such alleged infringements, Cochrun asserts that he has been unable to make timely filings or conduct meaningful research. *Id.* at 1–2. In fact, because defendants have limited Cochrun's access to the law library,[2] Cochrun was unable to meet deadlines on two separate occasions, and in each instance, Cochrun's "filings were dismissed." *Id.* at 2.

The court has reviewed Cochrun's previous filings, including the four actions brought by Cochrun prior to the instant action, and found only one instance wherein Cochrun was denied review "for failure to prosecute." Docket 67. That instance, however, occurred at the appellate level after Cochrun filed the instant motion for preliminary injunction, and it did not result in dismissal due to untimeliness. Rather, after vacating its initial denial of Cochrun's appeal, the Eighth Circuit Court of Appeals reviewed Cochrun's case and dismissed the appeal as interlocutory in nature. Docket 72; Docket 75. Beyond this instance, there is no evidence to substantiate Cochrun's claim. In the absence of such evidence, the court finds that Cochrun has failed to demonstrate actual, substantial harm resulting from the alleged infringement.

---

[2] Cochrun represents that his access to the prison law library is restricted to one or two hours per day, five days a week. Docket 62 at 1.

Because "[f]ailure to show irreparable harm is an independently sufficient ground upon which to deny a preliminary injunction," *Watkins*, 346 F.3d at 844, the court denies Cochrun's motion for preliminary injunction.[3]

## III. The Court Denies Cochrun's Motion for Appointment of Counsel.

"A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). In determining whether to appoint counsel to a pro se litigant's civil case, the district court considers the complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the indigent's ability to present his claim. *Id.* In this case, the court has denied the certification of a class, and the facts of Cochrun's remaining claims are not complex. Cochrun therefore appears able to adequately present his

---

[3] In the alternative, the court finds that Cochrun would not likely succeed on the merits of the claims asserted in his motion for preliminary injunction. First, insofar as Cochrun claims that his limited correspondence with Jamie Lynn Cochrun violates his constitutional rights, the court notes that "there is no absolute First Amendment right to communicate with other inmates about legal or other matters." *Bear v. Kautzky*, 305 F.3d 802, 805 (8th Cir. 2002). Second, to the extent Cochrun claims that Jamie Lynn Cochrun's constitutional rights are being violated, the court reiterates a principal emphasized in its screening order (Docket 22 at 7)—generally speaking, a litigant cannot rest his claim to relief on legal rights or interests of third parties. *Powers v. Ohio*, 499 U.S. 400, 410–11 (1991). Finally, with respect to Cochrun's claim related to the accessibility of the prison law library, there is no "freestanding constitutional right to a particular number of hours in the prison law library." *Entzi v. Redmann*, 485 F.3d 998, 1005 (8th Cir. 2007) (citing *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985)).

7

§ 1983 claims at this time, and his motion to appoint counsel (Docket 57) is therefore denied.

## IV.     The Court Grants Defendants' Motion to Stay Discovery.

Defendants assert that Cochrun's remaining claims are subject to defendants' qualified immunity defense, which defendants affirmatively alleged in their answer. Docket 39 at 5; Docket 74. The doctrine of qualified immunity protects prison officials from litigation itself, not merely liability. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Consequently, both the Supreme Court and the Eighth Circuit have " 'repeatedly . . . stressed the importance of resolving immunity questions at the earliest possible stage in litigation.' " *O'Neil v. City of Iowa City*, 496 F.3d 915, 917 (8th Cir. 2007) (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). In light of defendants' upcoming motion to resolve the issue of qualified immunity, therefore, the motion to stay discovery is granted. Defendants must submit a motion addressing the issue of qualified immunity on or before July 12, 2013. Accordingly, it is

ORDERED that Cochrun's motion for an order for certification of a class (Docket 57) is denied.

IT IS FURTHER ORDERED that Cochrun's motion for injunction and restraining order (Docket 62) is denied.

IT IS FURTHER ORDERED that Cochrun's motion for appointment of counsel (Docket 57) is denied.

IT IS FURTHER ORDERED that defendants' motion to stay discovery (Docket 73) is granted. Defendants must submit a motion addressing the issue of qualified immunity on or before **July 12, 2013**.

IT IS FURTHER ORDERED that defendants' motion for a protective order (Docket 73) is denied as moot.

Dated June 11, 2013.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE